Carolyn H. Cottrell (SBN 166977)*
Ori Edelstein (SBN 268145)*
Robert E. Morelli, III (OR No. 242740)
Sarah Madison (Wash. 62166)*
**Pro Hac Vice Applications Forthcoming*
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com
smadison@schneiderwallace.com

*Attorneys for Plaintiff and the Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

GAMINTZ SIMILIEN, on behalf of herself and on behalf of all others similarly situated,

*Plaintiff,*

v.

VILLAGE HEALTH CARE; EMPRES HEALTHCARE MANAGEMENT, LLC; and EVERGREEN HEALTHCARE GROUP,

*Defendants*.

Case No. 3:26-cv-1784

**CLASS COMPLAINT FOR VIOLATIONS OF:**

**(1) Failure to Pay Overtime Wages (Violations of ORS § 653.261 and OAR 839-020-0030);**

**(2) Unlawful Deductions of Wages (Violations of ORS § 652.610); and**

**(3) Failure to Pay Final Wages Upon Termination (Violations of ORS § 652.140).**

**DEMAND FOR JURY TRIAL**



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Plaintiff Gamintz Similien ("Plaintiff"), on behalf of herself and all other similarly situated individuals, alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of herself and other similarly situated individuals who have worked for Village Health Care ("Village Health Care"), EmpRes Healthcare Management, LLC ("EmpRes"), or Evergreen Healthcare Group ("Evergreen") (collectively "Defendants") as non-exempt, hourly employees to challenge Defendants' violations of Oregon wage and hour laws.

2. This is a class complaint against Defendants to challenge their policies and practices of: (1) failing to authorize and permit Plaintiff and Class Members the timely, compliant meal and rest periods to which they are entitled by law or pay overtime wages to Plaintiff and Class Members in lieu thereof; (2) unlawfully deducting wages without authorization or legal basis; and (3) failing to timely pay Plaintiff and Class Members all wages due upon separation from employment.

3. Plaintiff and Class Members are current and former employees who worked for any of the named Defendants as non-exempt hourly employees throughout the United States.

4. Plaintiff seeks damages, penalties, and interest to the full extent permitted by the Oregon Labor Code, as well as other relief requested herein.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(a), requiring complete diversity, and 1332(d), the Class Action Fairness Act of 2005, "CAFA". Jurisdiction is proper because complete or at least minimal diversity exists, the amount in controversy exceeds $5,000,000 exclusive of interests and costs, and the estimated



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

plaintiff class size is believed to exceed 100 members. Specifically, Plaintiff is a citizen and resident of the State of Oregon, while Defendant Evergreen Healthcare Group is headquartered in New Jersey with its principal place of business in Washington. Based on the estimated number and extent of Defendant's facilities, shifts, personnel, and statute of limitations, the class size estimate is over 100 plaintiffs. Accordingly, the requirements for diversity jurisdiction and jurisdiction under the Class Action Fairness Act are satisfied.

6. The Court has personal jurisdiction over Defendants because Defendants do business in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this District and the claims asserted arose in this District. At all material times, Defendants have been actively conducting business in the State of Oregon and within the geographic area encompassing the Portland Division of the State of Oregon.

**PARTIES**

8. Plaintiff, Gamintz Similien, is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of Oregon.

9. Plaintiff was employed by the Defendants as a Licensed Practical Nurse (an "LPN") from approximately March 14, 2025 to approximately April 23, 2026 in Gresham, Oregon.

10. Plaintiff is informed, believes, and thereon alleges that Defendant Village Health Care is a nursing home and rehabilitation center headquartered in Gresham, Oregon. Village Health Care is registered to do business in Oregon, does business in Oregon and employs and/or employed hourly, non-exempt employees, including Plaintiff and Class Members. Defendant



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Village Health Care may be served with process by serving its Authorized Representative in Washington at 4601 NE 77th Ave, Ste 300, Vancouver, WA 98662.

11. Plaintiff is informed, believes, and thereon alleges that Defendant EmpRes Healthcare Management, LLC is a healthcare company headquartered in Vancouver, Washington that operates and manages skilled nursing and senior care facilities. Upon information and belief, EmpRes was acquired by Evergreen Healthcare Group, LLC in 2023. EmpRes Healthcare Management, LLC is registered to do business in Oregon, does business in Oregon and employs and/or employed hourly, non-exempt employees, including Plaintiff and Class Members. Defendant EmpRes Healthcare Management, LLC may be served with process by serving its Registered Agent in Oregon, CT Corporation System, 780 Commercial Street SE, Ste 100, Salem, OR 97301.

12. Plaintiff is informed, believes, and thereon alleges that Defendant Evergreen Healthcare Group is a healthcare management company headquartered in Lakewood, New Jersey that manages and supports its 51 skilled nursing communities, 8 assisted living communities, 2 independent living communities, and 2 memory care centers. According to their website, they have 9 locations in Oregon. Evergreen Healthcare Group is registered to do business in Oregon, does business in Oregon and employs and/or employed hourly, non-exempt employees, including Plaintiff and Class Members. Defendant Evergreen Healthcare Group may be served with process by serving its Authorized Representative in Washington, at 4601 NE 77th Ave, Ste 300, Vancouver, WA 98662.

13. Plaintiff is informed, believes, and thereon alleges that Defendants employ and/or employed the Class Members, among other hourly employees, in Multnomah County and throughout the state of Oregon.



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

14. Defendants employ and/or employed Plaintiff and Class Members because Defendants, directly or indirectly, control the employment terms, including pay practices of Plaintiff and Class Members.

15. Plaintiff is informed, believes, and thereon alleges that Defendants exercise control over Plaintiff and Class Members with respect to their employment.

16. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants and other unknown related entities, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

17. At all relevant times, Defendants have done business under the laws of Oregon, have had places of business in Oregon, including in this jurisdiction, and have employed Class Members in this jurisdiction.

18. At all relevant times, Defendants are an "employer" within the meaning of ORS § 653.010.

19. At all relevant times, Plaintiff and Class Members were and are employees of Defendants within the meaning of ORS § 653.010.

## FACTUAL ALLEGATIONS

20. Village Health Care is a senior care and living facility headquartered in Gresham, Oregon which provides short-term and long-term care, rehabilitation therapy, memory support for dementia and Alzheimer's, and respite stays, as well as supplemental care programs. Village Health Care is the employer listed on Plaintiff's paystubs. The address listed under Village Health Care on Plaintiff's paystubs is the same address as Evergreen's headquarters, located at 1777



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Avenue of the States, Ste 102, Lakewood, NJ 08701.

21. EmpRes Healthcare Management, LLC is a Washington limited liability company headquartered in Vancouver, Washington that operates and manages nursing and senior care facilities. EmpRes Healthcare is listed at the top of Plaintiff's termination paper. Upon information and belief, Evergreen Healthcare Group acquired EmpRes Healthcare Management, LLC in 2023 and is the Parent Company of EmpRes Healthcare Management, LLC.

22. Evergreen Healthcare Group is the healthcare management company headquartered in Lakewood, New Jersey which is responsible for the operations and direction of their health care facilities, including EmpRes and Village Health Care. At all times relevant, Defendants have authority to control essential terms and conditions of employment for Plaintiff and Class Members, including overtime policies and procedures.

23. Defendants employ over one hundred hourly non-exempt workers similarly situated to Plaintiff across their locations in the United States.

24. Plaintiff, Gamintz Similien, worked for Defendants as an LPN at Village Health Care in Gresham, Oregon. Plaintiff worked from approximately March 14, 2025, to April 23, 2026.

25. Defendants pay Plaintiff and Class Members on an hourly rate basis. Plaintiff was classified as a non-exempt employee and was paid a base rate of approximately $49.47 per hour.

26. Although Plaintiff was scheduled to work approximately twelve (12) hours per shift for approximately three (3) days per week, she regularly worked overtime by coming in earlier or staying later than her scheduled shift due to inadequate staffing and Defendants' expectations regarding patient care. These stringent work demands required Plaintiff to regularly work between forty (40) to fifty (50) hours per week or more.



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

27. In Plaintiff's role, some of her primary responsibilities included performing admissions and discharges for patients, managing the tasks of the certified nursing assistants ("CNA"), and following up with patients including administering treatments, passing medications, and contacting doctors and family members for patients

28. Plaintiff and Class Members were subjected to Defendants' time, pay, overtime, meal and rest break policies and practices.

29. Defendants routinely required Plaintiff and Class Members to perform work off-the-clock and without compensation. Upon information and belief, Plaintiff, and Class Members are not compensated for time worked off-the-clock, including during meal and rest breaks. Plaintiff and Class Members are required to clock out and clock back in for their meal breaks, even when they are instructed to work through them. As a result, Plaintiff and Class Members are not provided their required 30-minute duty-free, uninterrupted meal breaks when Defendants instruct Plaintiff and Class Members to work through their meal breaks to accommodate patient needs because of Defendants' poor planning, inadequate staffing, and patient-care obligations.

30. On days when Plaintiff and Class Members were unable to clock out for their meal breaks, they were required to write their names on a piece of paper to submit to Defendants to add the 30 minutes that would be auto-deducted back onto their time cards so they would be compensated the 30 minutes they worked through their meal break. In those circumstances, Defendants would put their time back on before the next pay period, but Plaintiff and Class Members would be reprimanded for not managing their time wisely. This occurred as a result of Defendants' inadequate staffing to handle the patient volume and work demands.

31. Ultimately, Defendants do not compensate Plaintiff and Class Members for this time worked by employees for Defendants' benefit.



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

32. Defendants set the firing and hiring criteria at locations under their control. Defendants advertise for open positions, including non-exempt hourly positions throughout the United States.

33. Plaintiff and Class Members report to locations owned, operated, or managed by Defendants to perform their jobs.

34. Plaintiff and Class Members perform their jobs under Defendants' supervision using materials and technology approved and supplied by Defendants.

35. Plaintiff and Class Members are required to follow and abide by Defendants' common work, time, pay, meal, rest break, and overtime policies and procedures in the performance of their jobs.

36. At the end of each pay period, Plaintiff and Class Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

37. Throughout the relevant time period, Defendants expected and required Plaintiff and Class Members to be available to work during their entire shifts, even during any attempted, unpaid meal breaks.

38. Plaintiff and Class Members are unable to take uninterrupted, regular meal breaks because the facility/facilities are not adequately staffed to manage the patient volume while also ensuring Plaintiff and Class Members receive compliant meal periods as required by Oregon State law. For example, Plaintiff's unpaid meal breaks were regularly interrupted to assist patients, complete tasks such as charting and individual patient care assigned to CNAs that were not available due to inadequate staffing, or other issues pertinent to Defendants' operations. As a result, Plaintiff and Class Members are therefore unable to take compliant meal



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

breaks while providing the proper supervision and medical care patients need. Given the average weekly hours worked by Plaintiff and others similarly situated, this amounts to weekly unpaid wages on an overtime rate basis.

39. Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these same meal period policies and practices throughout their entire facilities and locations.

40. Plaintiff is informed, believes, and thereon alleges that all of Defendants' employees are subject to the same or similar unlawful compensation practices and mechanisms.

41. Class Members are employed by Defendants and perform work materially similar to Plaintiff.

42. Defendants' method of paying Plaintiff and Class Members is willful and not based on a good faith and reasonable belief that their conduct complies with Oregon law.

43. Defendants' unlawful conduct has been widespread, repeated, and consistent among Defendants' employees.

44. Defendants know or should know that their policies and practices are unlawful and unfair.

45. Defendants' conduct is willful, carried out in bad faith, and causes significant damages to employees in an amount to be determined at trial.

**RULE 23 CLASS ACTION ALLEGATIONS**

46. Plaintiff brings these causes of action as a class action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Class that Plaintiff seeks to represent is defined as follows:



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

**All current and former hourly, non-exempt employees employed by Defendants in Oregon at any time starting six (6) years prior to the filing of this Complaint until final resolution of this action (the "Class").**

47. Plaintiff reserves the right to establish additional subclasses as appropriate.

48. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

49. **Numerosity**: The potential members of the Class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds 40. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. Requiring individual actions would prejudice the Class and Defendants.

50. **Commonality**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

i. Whether Defendants failed to compensate Class Members for all hours worked, including straight and overtime wages, in violation of Oregon law;

ii. Whether Defendants have policies and/or practices of requiring Class Members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

without compensation in violation of Oregon law;

iii. Whether Defendants failed to authorize and permit, make available, and/or provide Class Members with compliant meal periods to which they are entitled in violation of Oregon law;

iv. Whether Defendants failed to timely pay Class Members for all wages owed upon termination of employment; and

v. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

51. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

52. **Adequacy of Representation**: Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class Members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

53. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

54. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

55. If each individual Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

56. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

## FIRST CAUSE OF ACTION
**Failure to Pay Overtime**
**Violations of ORS § 653.261 and OAR 839-020-0030**
**(Plaintiff and on Behalf of the Class)**

57. Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

58. Pursuant to ORS § 653.261 and OAR 839-020-003, Defendants are required to pay Plaintiff and Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

59. Plaintiff and Class Members are entitled to recover unpaid overtime under Oregon law for unpaid breaks during which they are interrupted, on-duty, or otherwise subject to



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

interruption.

60. Throughout the relevant time period, Defendants regularly work Plaintiff and Class Members through unpaid meal periods. Plaintiff and Class Members' schedules and inadequate staffing regularly prevent them from taking uninterrupted and/or duty-free meal periods throughout the day due to the demanding nature of patient care. As such, Plaintiff and Class Members do not receive compliant meal periods as required by Oregon law.

61. OAR Chapter 839 requires employers to provide employees, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties.

62. Under OAR Chapter 839, an employer who fails to authorize, permit, and/or make available a required meal period must pay the employee for the entire 30-minute meal period. Such unpaid meal period compensation constitutes wages, and Defendants' failure to pay those wages gives rise to applicable statutory penalties.

63. Despite these requirements, Defendants often knowingly and willfully required, suffered, and/or permitted Plaintiff and Class Members to work during their unpaid meal periods without pay. Defendants' conduct described herein violates OAR Chapter 839. Therefore, Plaintiff and Class Members are entitled to compensation for the failure to authorize and permit and/or make available meal periods, plus interest, attorneys' fees, expenses, and costs of suit.

64. Plaintiff and Class Members who are within the applicable statute of limitations are entitled to collect the difference between wages received then due and the overtime wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. *See* ORS § 652.200; § 82.010.



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

65. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

66. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Unlawful Deductions of Wages**
**Violations of ORS § 652.610**
**(Plaintiff and on Behalf of the Class)**

67. Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

68. Defendants deducted wages from Plaintiff and Class Members for unidentified deductions, namely for deducting wages in the form of failing to compensate Plaintiff and Class Members for off-the-clock work performed. Said withholdings were unauthorized and in violation of ORS § 652.610.

69. As a result of Defendants' wrongful withholdings, Plaintiff and Class Members are entitled to actual damages or $200 per violation, whichever is greater, for each violation pursuant to ORS § 652.615. Defendants are liable for unpaid wages and liabilities for unlawful deductions from wages for a period of six years from the date the wages were earned. ORS § 12.080(1).

70. Because of Defendants' failure to pay Plaintiff and Class Members' wages within 48 hours after they were due, Plaintiff and Class Members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

71. Because of Defendants' wrongful withholding from Plaintiff and Class Members' wages, Plaintiff and Class Members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest incurred herein.



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

72. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

73. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**<u>THIRD CAUSE OF ACTION</u>**
**Failure to Pay Final Wages Upon Termination**
**Violations of ORS § 652.140**
**(Plaintiff and on Behalf of the Class)**

74. Plaintiff re-alleges and incorporates all allegations continued in the foregoing paragraphs as though fully set forth herein.

75. ORS § 652.140 requires that, "[w]hen an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." *See* ORS § 652.140(1).

76. ORS § 652.140 further requires that individuals who provide at least 48 hours' notice of an intent to quit must immediately be paid all wages earned and unpaid at the time their resignation becomes effective. If the employee quits with less than 48 hours' notice, the employer must pay all wages earned and unpaid within five days."

77. ORS § 652.150 states that, "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS § 652.140 ..., then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. *See* ORS § 652.150(1). Penalty wages are not to continue for more than 30 days from the due date. *See* ORS § 652.150(1)(a).

78. Pursuant to ORS § 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages. *See, e.g., Makaneole v. Solarworld Indus. Am., Inc.*, No. 3:14-CV-



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

1528-PK, 2016 WL 7856433, at *13 (D. Or. Sept. 2, 2016), *report and recommendation adopted*, No. 3:14-CV-01528-PK, 2017 WL 253983 (D. Or. Jan. 17, 2017) ("As to [plaintiff's claims] for unpaid regular wages, that claim is subject to a six-year statute of limitations[.]") (citing ORS § 12.080(1)).

79. As described above, Defendants promote and enforce a policy that deprives Plaintiff and Class Members of compensation for all hours worked, including time worked during unpaid meal breaks for work duties performed "off-the-clock." As a result, Defendants failed to pay Plaintiff and Class Members all wages due and owing after separation from employment in violation of ORS § 652.140.

80. In failing to pay all wages due upon separation of employment, Defendants knew that Plaintiff's and Class Members' employment had ended and possessed information regarding the hours worked and amount of wages due to Plaintiff and Class Members at the date of termination. Defendants were capable of paying all wages earned and due at termination.

81. Defendants' failure to make payment of Plaintiff's and Class Members' final wages when due was willful and continued for not less than 30 days.

82. Because of Defendants' failure to make payment of final wages when due, Plaintiff and former employee Class Members who ended their employment but were not fully compensated their total wages due and owing are likewise due statutory penalty wages pursuant to ORS § 652.150.

83. Because of Defendants' failure to pay Plaintiff's and former employee Class Members' wages within the time required by law, Plaintiff and former employee Class Members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS §



**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

652.200.

84. Plaintiff and former employee Class Members seek statutory wages pursuant to ORS § 652.150; plus costs, disbursements, and attorney fees pursuant to ORS § 652.200; plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

85. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**RELIEF SOUGHT**

86. Plaintiff and Class Members are entitled to recover their unpaid overtime wage compensation.

87. Plaintiff and Class Members are entitled to recover back wages for improper deductions of wages under ORS § 652.610 for compensable time that was otherwise deducted from their pay, including uncompensated time worked “off-the-clock” during their required 30-minute duty-free meal breaks.

88. Plaintiff and Class Members are entitled to recover back wages violations at their regular hourly rate of pay.

89. Plaintiff and Class Members are entitled to statutory penalty wages pursuant to ORS § 652.150, for the continuation of former employee Class Members’ unpaid final wages for not less than 30 days for Defendants’ violations of ORS § 652.140 (payment of wages upon termination of employment).

90. Plaintiff and Class Members are entitled to actual damages or civil penalties of $200 per violation, whichever is greater, for each violation of ORS § 652.610 (unlawful deduction from wages).

91. Plaintiff and Class Members are entitled to recover costs, disbursements and a



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

92. Plaintiff and Class Members are entitled to declaratory relief stating Defendants' actions as described herein were and are unlawful.

**PRAYER FOR RELIEF**

93. For these reasons, Plaintiff and the Class respectfully request that judgment be entered in their favor awarding the following relief:

i. An order preventing Defendants from retaliating in any way against Plaintiff and any Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

ii. An order certifying the asserted claims, or issues raised, as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

iii. An order finding that Defendants violated Oregon law;

iv. All unpaid regular wages due under Oregon law;

v. All statutory penalty wages due under Oregon law;

vi. All actual damages or civil penalties of $200 per violation, whichever is greater, due under ORS § 652.610;

vii. All attorneys' fees, costs and disbursements as provided by Oregon law;

viii. Pre- and post-judgment interest in the amount of 9% per annum as provided by Oregon law; and

ix. Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

Dated: August 27, 2026

Respectfully Submitted,

*/s/ Robert E. Morelli, III*
Carolyn H. Cottrell*
Ori Edelstein*
Robert E. Morelli, III
Sarah Madison*
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**

*Attorneys for Plaintiff and the Class*
**Admission pro hac vice anticipated*



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: August 27, 2026

Respectfully Submitted,

*/s/ Robert E. Morelli, III*
Carolyn H. Cottrell*
Ori Edelstein*
Robert E. Morelli, III
Sarah Madison*
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**

**Admission pro hac vice anticipated*
*Attorneys for Plaintiff and the Class*



**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105